UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00021-TBR

PAT N. LYLES, JANICE N. COPE,
CHARLES STORY, and CINDY STORY                                                    Plaintiffs,

v.

LAFARGE WEST, INC.                                                                         Defendant,

and

RDP COMPANY                                                          Defendant/Third-Party Plaintiff,

v.

MARTIN MARIETTA MATERIALS, INC.                                        Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Martin Marietta Materials, Inc.'s Motion to Bifurcate Trial and Stay Claims Related to the Third-Party Complaint. (Docket No. 37.) RDP Company and Lafarge West, Inc., have each responded, (Docket Nos. 39, 40), and Martin Marietta has replied, (Docket No. 43). Fully briefed, the matter stands ripe for adjudication. For the reasons set forth below, the Court will GRANT IN PART and DENY IN PART Martin Marietta's motion.

**Factual Background**

As the Court has previously stated, this lawsuit arises from the alleged breach of a limestone lease concerning realty in Caldwell County, Kentucky. By a lease dated August 1, 1977, Plaintiffs leased certain limestone rights to RDP Company's predecessor, Fredonia Valley Quarries, Inc. In 1997, RDP, the lessee, entered a sublease that entitled Martin Marietta to limestone and related rights conveyed under the 1977 lease. Martin Marietta has since assigned the sublease to Defendant Lafarge West, Inc. In the instant action, Plaintiffs contend that the sublessees' various quarry operations and activities have

1

breached the lease. Among their claims are that the sublessees failed to account for production royalties; improperly utilized the premises; cut and disposed of timber that was reserved for Plaintiffs; and rendered the premises unsuitable for agricultural endeavors. (*See* Docket No. 5-1.)Plaintiffs have alleged that certain breaches occurred while Martin Marietta occupied the premises. As a result of these alleged breaches, Plaintiffs seek damages and request that the Court terminate the lease.

In its Memorandum Opinion of September 19, 2014, the Court dismissed Plaintiffs' single claim against Martin Marietta, finding their allegation of unjust enrichment fatally defective. (*See* Docket No. 13.) On February 24, 2015, however, RDP levied a third-party complaint against Martin Marietta. In it, RDP argues that although Martin Marietta assigned its sublease to Lafarge, RDP did not "expressly release [Martin Marietta] from its obligations and duties under the Sublease." (Docket No. 26 at 3.) RDP therefore contends that Martin Marietta remains liable for any such obligations after its assignment to Lafarge. RDP argues that should Plaintiffs prove their claims against it, RDP is entitled to indemnification from Martin Marietta for any damages awarded.

Martin Marietta now moves the Court to bifurcate the trial of RDP's third-party claims against it and to stay any proceedings related to such claims. Martin Marietta contends that judicial economy weighs in favor of its motion, as a resolution of the primary claims—that is, Plaintiffs' claims against RDP—could render the third-party complaint against Martin Marietta moot. Both RDP and Lafarge object to Martin Marietta's motion only in part, arguing that while the issues related to damages should be bifurcated and stayed, the matters surrounding liability should remain unified. (Docket Nos. 39. 40.)

## Analysis

The decision to bifurcate rests firmly within the trial court's discretion and will be undisturbed absent abuse of discretion. *See, e.g.*, *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005); *Bridgeport Music, Inc. v. Justin Combs Publ'g*, 507 F.3d 470, 481 (6th Cir. 2007). Federal Rule of Civil Procedure 42(b) provides that a court may bifurcate a matter "[f]or convenience, to avoid prejudice, or to

expedite and economize." "In determining whether separate trials are appropriate, the court should consider several facts, including 'the potential prejudice to the parties, the possible confusion of the jurors, and the resulting inconvenience and economy.'" *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007) (quoting *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)). Courts adopt the practice "'where the evidence offered on two different issues will be wholly distinct, or where litigation of one issue may obviate the need to try another issue.'" *Athridge v. Aetna Cas. & Sur. Co.*, 604 F.3d 625, 635 (D.D.C. 2010) (quoting *Vichare v. AMBAC Inc.*, 106 F.3d 457, 466 (2d Cir. 1996)).

In light of these considerations, the Court concludes that the instant case does not warrant bifurcation. The Court acknowledges Martin Marietta's argument that no distinct liability claims against it remain. Should Plaintiffs' claims against RDP fail, the need to litigate the indemnity issue will dissolve. Such an outcome would render moot the third-party complaint against Martin Marietta. However, the third-party claims against Martin Marietta appear to be intimately associated with Plaintiffs' underlying claims: RDP's third-party complaint alleges that an agency relationship existed between the two companies, obligating Martin Marietta to ensure compliance with the lease during its occupancy. Accordingly, the same evidence presented to establish the underlying claims may also serve as proof of liability for the third-party claims. This likely duplication of evidence suggests that bifurcation would serve neither judicial economy nor the convenience of the parties. Although Martin Marietta may bear no ultimate liability, "[i]t is the interest of efficient judicial administration that is to be controlling, rather than the wishes of the parties." *In re Bendectin Litigation*, 857 F.2d 290, 307 (6th Cir. 1998). The Court is not convinced that separate trials would yield a more just disposition of the litigation.

For the same reasons, the Court reaches a similar conclusion regarding Martin Marietta's request to stay discovery and any proceedings related to the third-party complaint pending resolution of the liability issues. Allowing such a stay would facilitate the possibility of needless duplicative discovery in both matters, with the same witnesses, documents, and legal and factual issues appearing in each of the

3

actions. Such a result would neither advance judicial economy nor contribute to the expeditious resolution of this lawsuit. Accordingly, the Court will deny Martin Marietta's motion in this regard.

Finally, the Court turns to the portion of Martin Marietta's motion that seeks bifurcation of issues related to damages sought in the Third-Party Complaint. Neither RDP nor Lafarge object to this proposition. Therefore, the Court will grant Martin Marietta's motion to the extent that it seeks to bifurcate the matter of damages.

### Conclusion and Order

Upon motion of the third-party defendant, Martin Marietta Materials, Inc., to bifurcate trial and stay claims related to the third-party complaint, and the Court being otherwise sufficiently advised, IT IS HEREBY ORDERED that Martin Marietta's motion to bifurcate trial and stay claims related to the third-party complaint, (Docket No. 37), is GRANTED IN PART and DENIED IN PART. The issue of damages relating to the claims made in the third-party complaint shall be bifurcated and the action stayed with respect to those issues. The issues with respect to liability relating to the claims made in the third-party complaint shall not be bifurcated or stayed.

IT IS SO ORDERED.